HEARD APRIL TERM, 1871.

## CRAVEN *vs.* ROSE.

A motion in arrest of judgment cannot, in the first instance, be made in the Supreme Court, but must be made in the Circuit Court.

In an action on the case to establish a private right of way by prescription, over defendant's land, it is necessary to show, not merely a user for twenty years, but also that the user was adverse; but where the evidence does not put in issue the character of the user, it is not error for the presiding Judge, in charging the jury that there must have been a user for twenty years, to omit to add that such user must have been adverse, and explain what amounts to adverse use.

In such an action, proof that defendant, and those under whom he claimed the land, also used the way, is immaterial.

Objection to the declaration that it does not set forth with sufficient certainty whether plaintiff claims by grant or prescription, comes too late after verdict, and is without sufficient ground.

Where proprietors of adjoining lots contribute strips of land to form a lane common for the use of both, and one after he has acquired a right of way by prescription over the other's strip, puts an obstruction on his own strip, that does not destroy his right of way over the other's land.

The Supreme Court cannot grant a new trial for excessive damages.

BEFORE THOMAS, J., AT YORKVILLE, MARCH TERM, 1870.

This was an action on the case for obstructing a private way. His Honor made a report of the case for this Court, which is as follows:

"This was a suit ordered by Chancellor Lesesne, in a decree in equity for damages. He had granted a perpetual injunction against the defendant obstructing the lane in question.

"The lane which had been obstructed was situated between the lots of plaintiff and defendant, in the town of Yorkville, and had been used by them and the former occupants of the two lots for fifty years. Occasionally, during that time, gates had been erected

at the street entrance of the lane by the defendant and his predecessors, but free access was never denied to the plaintiff or his predecessors. The lane terminated at the rear of their lots, and was used only by the parties. The obstructions were thrown up on the defendant's side of the lane. He dug a well, threw out the dirt, mounted cotton bags upon it, and there was evidence that he, or some one, put a gas-pipe on the top of the bags, like a piece of artillery. The plaintiff's wife testified to facts of an aggravating nature upon the part of defendant. This defendant denied.

"I left the question of damages to the jury, charging them as set forth in the sixth ground of appeal. They found $600 for plaintiff."

The defendant appealed, and moved this Court in arrest of judgment, and, failing in that motion, then for a new trial, on the grounds:

*First.* Because His Honor erred in charging the jury, that if they believed the plaintiff, or any of the persons under whom he claims title, had uninterrupted use of the lane in dispute, for a period of twenty years, then the plaintiff was entitled to recover; whereas it is submitted that His Honor should have charged the jury that the use must be adverse, and have explained to the jury what amounted to such adverse use.

*Second.* Because His Honor erred in charging the jury, that the plaintiff was entitled to recover, although it was proved that the plaintiff and his friends, and those under whom the defendant claimed, used said lane in common during the whole time since it had its origin; that the plaintiff had proven such adverse, continuous and exclusive use as entitled the plaintiff to prescribe therefor.

*Third.* Because the plaintiff, in framing his declaration, should have set forth, with sufficient certainty, whether claimed by grant or prescription, which he has not done.

*Fourth.* Because His Honor should have charged the jury that said lane, being originally by a contribution of three feet of plaintiff's and nine feet of defendant's lot, and so continued until 1847 or 1848, when a former owner of plaintiff's lot obstructed the same by erecting a chimney on the lane, covering at that point the whole of the three feet belonging to plaintiff's lot, was such an obstruction as extinguished any right by prescription that might, previous to said time, have been acquired; or, in any event, would be barred after ten years.

*Fifth.* Because the said defendant, and those under whom he claimed, used said lane in common with plaintiff and his privies,

nine feet of which belonged to them, and there was no such adverse use as entitled the plaintiff to prescribe therefor.

*Sixth.* Because the damages given by the jury were excessive, and against the charge of His Honor, as it was proved that the defendant put the obstructions in said lane on his own lot, and under legal advice, to try the question of right claimed by the plaintiff.

*Seventh.* Because the verdict is, in other respects, contrary to law and the evidence.

*Smith,* for appellant:

There was no evidence of continuous, exclusive and adverse use of the lane.—*Rowland* vs. *Wolfe,* 1 Bail., 56; *Campbell* vs. *Wilson,* 3 East., 294; 2 Stark, 664; *Pierce* vs. *Richardson,* 5 Rich., 186; *Lawton* vs. *Rivers,* 2 McC., 452; *Watt* vs. *Trapp,* 2 Rich., 121; *Ferguson* vs. *Witsell,* 5 Rich., 280.

*Wilson & Witherspoon,* contra.

Sept. 16, 1871. The opinion of the Court was delivered by

WILLARD, A. J. This was an action of trespass on the case for obstructing a private way claimed by plaintiff over the land of defendant. The plaintiff obtained a verdict.

A motion in arrest of judgment cannot, in the first instance, be made here, but must be made before the Circuit Court. It appears, however, that judgment has been entered upon the verdict, so that the defendant is in a position to take advantage of any erroneous rulings or decisions of the Circuit Court. The first exception involves the proposition that, in stating the rights of the parties, it was error for the Circuit Judge to charge that, if the jury believed the plaintiff, or any persons under whom he claimed title, had uninterrupted use of the land in dispute, for a period of twenty years, then the plaintiff was entitled to recover, without adding that such use must be adverse, and unless he explained to the jury what amounted to such adverse use.

This proposition involves two considerations: first, whether it was indispensable to the proof in support of the plaintiff's demand, that it should appear that his use of the way was adverse to the right of the defendant as owner of the soil; and, second, whether, under the evidence, the statement of such proposition was requisite.

What must be shown to establish a right of way over the land of another is well and fully stated in *Lawton* vs. *Rivers,* 2 McC., 445. The result of what was held in that case is, that one pre-

scribing for a right of private way over the land of another, must show use, occupation and enjoyment of the identical way claimed, under and in conformity to the right alleged, and adverse to the right of the owner of the land over which the way is claimed, continued and uninterrupted for a period of not less than twenty years next preceding action brought.

What the character of that user must be, so as to render it adverse to the right of the owner of the land, has to some extent been considered and settled by our Courts. In *Rowland* vs. *Wolfe*, 1 Bail., 56, it was held, that "merely passing over an uncultivated and unenclosed forest, which is common to every one, cannot, by any lapse of time, give a right to any individual." The same proposition is advanced in *Lawton* vs. *Rivers*, 2 McC., 445, and was applied in *Watt* vs. *Trapp*, 2 Rich., 136.

It is not necessary to show that the user was, during the period of prescription, the subject of controversy between the parties; on the contrary it is said in *Lawton* vs. *Rivers*, on the authority of Lord Cooke, that it must be shown to be peaceable.

It is enough, if the user of the way cannot be reconciled with the right of the owner of the land otherwise than by supposing a license or grant, and in that case, if sufficient time has elapsed, the law presumes a grant.

It was requisite, therefore, to a verdict for the plaintiff, that it should appear that the right of way claimed by him was adverse to the right of the defendant in the sense above stated.

If the evidence put in dispute the question of the adverse character of the plaintiff's user of the way, and if the Circuit Judge, in stating the rights of the parties under the law, in effect, excluded this consideration from the matter submitted to the jury, then such ruling would have to be regarded as erroneous.

But the evidence presents no such ground of dispute. The way had been used for the required period over land enclosed and occupied by the defendant, and during a portion of the time the plaintiff had, in order to use it, opened a gate placed by defendant at the entrance of the lane. It therefore followed that if the user was of the character stated in the evidence, it was necessarily adverse. The jury have found these facts in favor of the plaintiff, and their finding must be regarded, in view of the only legal conclusion that can arise from the evidence, as substantially ascertaining the character of the plaintiff's user as adverse to the right of defendant as owner of the land. Under

these circumstances we cannot hold that the omission of a formal reference to the necessity of proving an adverse user was erroneous.

The proposition involved in the second exception is, that the user of the land by the plaintiff, in common with the defendant, precluded the plaintiff from claiming an exclusive or adverse possession in himself. This proposition is again advanced under the fifth exception. It does not follow, because the defendant used the way or allowed others to use it, that it was to be regarded as in a legal sense an user in common. Defendant's right of way resulted from his ownership of the land; plaintiff's user, as established, is to be ascribed to prescriptive proof of a grant from defendant. There is here no community of interest, traceable to a common title, that can preclude the plaintiff from maintaining in himself a several right to the way in question. It follows that the fact that defendant used the lane was immaterial to the issue, and no error is involved in failing to submit it to the consideration of the jury. The objection to the declaration comes too late, after verdict, and is without sufficient ground. It was enough for the plaintiff to count on a possessory title, without alleging whether the grant in which it had its origin is succeptible of direct proof or only to be presumed.

The fourth exception involves the proposition that when proprietors of contiguous lands contribute strips of land to form a lane common for the use of both, and one of such proprietors interferes with the common use, to any extent, by placing an obstruction to such use on any portion of his land included in the lane, the other proprietor is at liberty to assume the exclusive use of his portion of the land covered by the lane, and to exclude the other from the use of the same. To give any force to this proposition it must be assumed that the right of way in question exists either by grant or prescription, for if otherwise it is not to be regarded as a fixed right, but as depending on a license, which, being withdrawn, the privilege ceases. In the case of a right derived by grant or prescription, the only effect of such an interference would be to give the injured party a right to an action for his damages, or, if the nature of the interference admitted of it, a remedy by injunction. It cannot be regarded as in the nature of a partition of a common right of way, for the parties are not connected as tenants in common of a right of way, but each has a several right of way over so much of the other's land. They are connected only as it regards the consideration upon which the user is supposed to depend. To conceive that they are tenants in common of a right of way would involve

the idea of one having a right of way over his own lands, which cannot be. What might be the effect of such an interference, in the case supposed, as should amount to the entire destruction of the right of way of one over the lands of the other, in respect of the correlative right of the former, need not be considered, for such a case is not involved in the proposition put forth by the defendant, nor in the evidence before the jury.

The fact of interference, on the part of the plaintiff, with the lane, might be of importance, had that interference changed the identity of the way so that plaintiff could not make claim to the same way for the whole period of twenty years ; (*Lawton* vs. *Rivers*, 2 McC., 445;) but the interference complained of is of an entirely different character. The right of way claimed in this action is over the land of defendant, whereas the obstruction, as alleged, was on the land of plaintiff; nor was the obstruction such as at all affected the identity of the way within the rule laid down in *Lawton* vs. *Rivers*. This exception is not well taken.

If the evidence in the case is fully before us, it is difficult to understand how damages could have been given to the amount of $600; but we are not authorized to set the verdict aside on the ground of excessive damage ; authority for that purpose is possessed by the Circuit Court.

The appeal must be dismissed.

*Wright*, A. J., concurred.
*Moses*, C. J., absent at the hearing.